## NEW ORLEANS *v.* EMSHEIMER.

### APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF LOUISIANA.

No. 337.  Submitted December 10, 1900.—Decided April 15, 1901

Where a bill in equity was demurred to on the ground that the Circuit Court had no jurisdiction as such, and also on the ground that the remedy was at law, and the demurrer was sustained and the bill dismissed on the latter ground, without prejudice to an action at law, the city of New Orleans, defendant below, was not aggrieved in a legal sense by its own success, and cannot bring the decree in its favor here on a certificate of jurisdiction.

THIS was a motion to dismiss or affirm. It was submitted on the 10th of December, 1900. On the 17th of that month, the consideration was ordered to be postponed until the record should be printed, or so much thereof as would enable the court to act understandingly without referring to the transcript.

*Mr. Richard De Gray,* in behalf of *Mr. J. D. Rouse,* and *Mr. William Grant* submitted in support of the motion.

*Mr. Samuel L. Gilmore, Mr. Frank B. Thomas* and *Mr. Branch K. Miller* submitted in opposition.

THE CHIEF JUSTICE: Emsheimer filed his bill against the city of New Orleans, on behalf of himself and others similarly situated, in the Circuit Court for the Eastern District of Louisiana, seeking to collect certain certificates of indebtedness issued by the Board of Metropolitan Police of New Orleans through an accounting; to which the city demurred on the grounds that the Circuit Court had no jurisdiction as such for want of proper averments of diverse citizenship; that necessary parties were lacking; and that the remedy was at law, and not in equity.

The Circuit Court held that the averments in respect of citizenship were sufficient, but sustained the demurrer on the

ground that there was no equity in the bill, and dismissed the bill " for want of equity with full reservation of complainant's right to sue and proceed at law."

Subsequently an appeal was granted to this court, on application of the city, " for the sole and exclusive purpose of having a review of the finding, decision, and decree of the court over-ruling the said first ground of the said demurrer, by which the jurisdiction of this court and the sufficiency of the averments of the bill purporting to show the same are put at issue."

Defendant below sought no affirmative relief, but simply to defeat the suit. In this it succeeded, and the decree is a bar to another suit in equity on this cause of action so long as it stands unreversed.

The decree did not injure defendant but sustained its contention, and defendant is in no position to complain that it is aggrieved by its own success. The decree cannot be reversed at its instance because put on one of the grounds it urged rather than another.

If complainant brings an action at law, and the question of Federal jurisdiction is in issue, or if this decree should be hereafter reversed and Federal and equity jurisdiction sustained, it will be time enough if final judgment or decree passes against defendant in the Circuit Court for the question of jurisdiction to be certified. *United States* v. *Jahn,* 155 U. S. 109; *Smith* v. *McKay,* 161 U. S. 355.

*Appeal dismissed.*