P. E. SHARPLESS CO. v. WILLIAM A. LAWRENCE & SON.

WILLIAM A. LAWRENCE & SON v. P. E. SHARPLESS CO.

(Circuit Court of Appeals, Third Circuit. November 25, 1913.)

No. 1,761 (List Nos. 28, 29).

TRADE-MARKS AND TRADE-NAMES (§ 100*)—DECREE—GROUNDS—REVIEW.

Where complainants sought relief against defendant company for infringement of a trade-mark and on the ground of unfair competition, and the decree awarded complainants an injunction restraining defendant's use of the infringed mark on the latter ground, but held that the trade-mark was invalid, complainants, having obtained full relief, were not entitled to insist on appeal that the decree should have been based on both grounds, and thus obtain a review of the determination as to the validity of the mark.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 114; Dec. Dig. § 100.*

Unfair competition in use of trade-mark or trade-name, see notes to Scheuer v. Mueller, 20 C. C. A. 165; Lare v. Harper Bro., 30 C. C. A. 376.]

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; J. Whitaker Thompson, District Judge.

Suit in equity by William A. Lawrence & Son against the P. E. Sharpless Company. From a decree (203 Fed. 762) in favor of complainants for less than the relief demanded, defendant appeals, and complainants prosecute cross-appeal. Affirmed on defendant's appeal, and complainants' cross-appeal dismissed.

Duell, Warfield & Duell, of New York City (R. W. France, of New York City, of counsel), for plaintiffs.

Hector T. Fenton, of Philadelphia, Pa., for defendant.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

J. B. McPHERSON, Circuit Judge. In this proceeding William A. Lawrence & Son sought relief against the P. E. Sharpless Company, averring (1) infringement of a trade-mark, and (2) unfair competition. The decree adjudged the trade-mark invalid, but granted an injunction on the second ground. Each party has appealed from the decree; the plaintiffs, from so much of it as declares their trade-mark invalid, and the defendant company, from so much as restrains the unfair competition.

The facts of the controversy are fully set out in Judge Thompson's opinion, reported in (D. C.) 203 Fed. 762, and need not be repeated here. We have carefully considered the evidence and the arguments bearing upon the subject of unfair competition, and have not been convinced that the conclusions of the court below in that respect are erroneous.

But we do not feel bound to pass upon the validity of the trade-mark. The question presented—namely, the generic character of the

device—is of some nicety, and in a case that called for its decision would need close examination and discussion. We must not be understood as intimating any opinion, or even any prepossession, either for or against the view adopted by the district judge; we merely state our opinion that, as the plaintiffs have obtained full relief against the defendant, they are not entitled to insist that it should be based upon one ground rather than upon another. The essential matter is that the defendant has been restrained from using the labels complained of; and for the present the plaintiffs must be content with that fact, although they would no doubt have preferred that both their positions should be sustained, instead of only one.

On the appeal of the Sharpless Company the decree is affirmed. The cross-appeal of William A. Lawrence & Son is dismissed, but without prejudice to their right to raise the question of the validity of their trade-mark before any other tribunal.