## GILLETTE SAFETY RAZOR CO. v. STANDARD SAFETY RAZOR CO.

### No. 338.

Circuit Court of Appeals, Second Circuit.
April 3, 1933.

George E. Middleton, of New York City, for appellant.

George P. Dike, of Boston, Mass., and Charles Neave, of New York City, for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The charge of infringement of this patent involves a consideration of claims 1, 4, 5, 7, 8, 9, and 11 of the patent to Thompson & Smith, No. 1,858,316. In a companion appeal, we considered the Thompson patent, No. 1,815,745, where we held that the appellant, who sold blades usable in the Gillette safety razors, was not guilty of contributory infringement. 64 F.(2d) 6.

The invention in this suit is claimed to be the idea of replacing the three holes in the razor blade with a slot to fit a bar to be used in the bar type razor. The patentees placed a long bar in the Thompson razor cap of the type made in accordance with patent No. 1,815,745, which had reinforcing corner lugs, and they placed a long slot in a Thompson blade—an old Gillette blade having notched corners. The notches were deep and the slot was long (which are matters of degree only), and so there resulted a slotted blade with the slot substantially as long as the cutting edges. It was a blade having "two cutting-edge portions separated longitudinally by a slot and connected at their ends by flexing hinges which are located beyond the cutting-edge portions. * * *" The claims are for both razor and blade, and the charges are contributory infringement of the razor claims and direct infringement of the blade claims.

■ For the reasons we have stated in the suit of Gillette v. Standard Safety Razor Co., considering patent No. 1,815,745, there is no contributory infringement.

■ Appellant makes and sells a notched and slotted replacement blade because it is necessary for the shape of the blade in order to fit the appellee's razor cap with a bar. The charge of infringement necessarily is that the owner of a razor made pursuant to the combination patent in suit is not entitled to purchase blades to fit his razor. It was the obvious and inevitable thing to do to cut the blade to fit the bar. And replacement blades must necessarily have a long slot in addition to the corner notches. The patent explains

**10**

that the Thompson blade, the old three-hole blade with the cut out corners, possessed grave defects. The patentee states that the removing of the metal from the corner of the old three-hole blade to convert it into a Thompson blade weakens the blade and changes the distribution of the stresses to which it is subjected when flexed, with the result that the maximum stress per unit area is increased and the "factor of safety, already small, is correspondingly reduced." It was the object of the invention to overcome these deficiencies, and this was done by removing most of the metal from the middle of the blade. This, it is said, concentrates all the stress at the end of the blade and the "parts of the razor which flex the blade [cap edges and fulcrum shoulders] engage it only in areas which are largely without stress. * * *" But the evidence is overwhelming that removing the small amount of metal from the corners of the old three-hole blade does not weaken the blade nor materially change the distribution of stresses to which it is subjected when stressed so that the maximum stress per unit area is increased, and does not materially reduce the factor of safety. For all practical purposes, the new blade is substantially the same as the three-hole blade.

The alleged problem which the inventor overcame does not amount to invention. The reputed solution is not entitled to the dignity of a patent monopoly and, consequently, not to protection.

Decree reversed.