## GILLETTE SAFETY RAZOR CO. v. STANDARD SAFETY RAZOR CORPORATION.

### No. 237.

Circuit Court of Appeals, Second Circuit.

Jan. 14, 1935.

Pennie, Davis, Marvin & Edmonds, of New York City (George E. Middleton, of New York City, of counsel), for appellant.

Merrell E. Clark and Henry R. Ashton, both of New York City, for appellee.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

Appellee succeeded below in establishing the validity of its patent for a safety razor blade (Thompson patent, No. 1,924,262) and its infringement by appellant's manufacturing and selling its razor blade. The application for the patent was filed April 23, 1929, and granted August 29, 1933. Claims 1, 3, and 4 were sustained and held infringed.

The blade is made for use with the well-known Gillette-type safety razor. It is a thin flexible and elastic blade of oblong contour with unsharpened ends and internally apertured to receive positioning and clamping means, and is removably secured in a holder which is made up of three parts—a guard, a cap, and a handle. The guard supports the blade adjacent to its longitudinal cutting edges. The cap with parallel straight edges is placed on the side opposite the guard and engages the blade adjacent to the cutting edges and flexes it transversely on the guard member as a fulcrum during the clamping process by the handle means between the guard and a cap so that, when the parts are assembled, the blade is held rigidly.

It is said that the original type of Gillette razor suffered the infliction of burrs on the cap whenever the cap was accidentally dropped. It oftentimes resulted in bending over a corner of the cap to an extent sufficient, so that when the clamping pressure was applied to the blade it produced an uneven edge exposure, or even cracked or broke off a portion of the blade. The burrs, it is said, cause the blade edges to be unevenly exposed, with the result that the razor exerts a pull on the beard or might cause the user to cut himself. It is said that those results occur frequently, even when the bending of the cap corner is unnoticeable or slight. To overcome this problem, Thompson labored, and won the grant of an invention for the blade in question.

The problem thus presented is said to have been overcome by re-enforcing the corners of the cap by building up a lug on the under side of each corner and then discovering the patented blade by constructing the known type of safety razor blade so as to place re-entrant recessions in the four corners of the blade—that is, cutting out the corners to fit the lugs. Thus the patent is for a blade with recesses in the four corners to accommodate the lugs.

Each claim may be regarded alike; claim 1 is typical. It provides for a safety razor blade; elastic, transversely flexible, adapted for use in existing Gillette-type razors, having unsharpened ends, being of uniform thickness, requiring external support on both sides for its cutting edge, being internally apertured to provide edges arranged to engage positioning and clamping means and to hold the blade against angular displacement, and being provided with re-entrant recesses, located at the corner portions of the blade and extending to such an extent as to span the adjacent corner of the blade clamping cap when assembled therewith, and to provide a clearance space of sufficient space area to receive a cap corner if bent, whereby said blade while being flexed or when clamped cannot be subjected to pressure by a bent cap corner and danger of breaking said blade or distorting its cutting edge is eliminated.

In Gillette Safety Razor Co. v. Standard Safety Razor Co., 64 F.(2d) 6, we considered a patent for a combination of notch in the cap and blade (No. 1,815,745), and there said that the slotted replacement blade was necessary in order to fit the appellant's razor cap which had a bar; that it was an obvious and inevitable thing to do, to cut the blade to fit the bar; that replacement

blades must necessarily have a long slot in addition to the corner notches. We refused to hold this same appellant guilty of contributory infringement for building its blade as there described. Moreover, we said that removing the small amount of metal from the corners of the old three-hole blade did not weaken the blade nor materially change the distribution of stresses to which it was subjected, and that for all practical purposes the new blade was substantially the same as the three-hole blade. The same reasoning is appropriate here.

Here the notches in the blade are placed there to span the burrs which may be formed if the cap is accidentally dropped, whereas, in the consideration of patent No. 1,815,-745 [Gillette Safety Razor Co. v. Standard Safety Razor Co. (C. C. A.) 64 F.(2d) 6], it was claimed that the notches in the corners of the blade were placed there to span the reinforcing lugs on the cap corners. Both blades are identical, as a comparison will illustrate. Whether the notches span a lug or a burr, they are alike—a similar task for mechanical construction. The earlier Thompson patent had no claims for a blade per se, but was for a razor having a corner-re-enforced cap plus a notched blade. The charge there was contributory infringement.

The simplicity of accomplishing this result or, in other words, solving the problem, required no inventive thought. The type of blade was not new. If anything, all that was new was the cutting of the recesses in the corners, that is, cutting the corners of the flexible blade used for the Gillette-type safety razor. As we said in Gillette Safety Razor Co. v. Standard Safety Razor Co., 64 F.(2d) 9, "it was the obvious and inevitable thing to do to cut the blade to fit the bar." So it was here necessary to cut the blade to accommodate the lugs. Indeed, the record shows that the appellee nowhere manufactured or sold in this country any notched blades at all until the razors were built with lugs on the cap corners. If there was a problem because of burrs which changed the stresses or positioning of the blade, it was overcome by building the lugs which is said to prevent burrs. Of course, it was necessary to construct the flexible blade with the recesses so as to position it around the lugs.

We need not consider the prior art references, for we are content to rest our decision upon the want of invention in placing recesses in the corners of a flexible safety razor blade.

Decree reversed.