## THOMAS & BETTS CO. et al. v. ELECTRICAL FITTINGS CORPORATION et al.*

Circuit Court of Appeals, Second Circuit.

Dec. 12, 1938.

*Writ of certiorari granted 59 S.Ct. 488, 83 L.Ed. —.

Darby & Darby, of New York City (Samuel E. Darby, Jr., and Floyd H. Crews, both of New York City, of counsel), for defendants-appellants.

Bohleber & Ledbetter, of New York City (William Bohleber and Francis H. Fassett, both of New York City, of counsel), for plaintiffs-appellees.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The plaintiffs brought the usual action in equity against the defendants in the District Court for the Southern District of New York charging infringement of claims 1 and 2 of the United States Patent No. 1,769,947 granted to Fullman.

After hearing, the court held claim 1 of the patent valid but not infringed and claim 2 invalid. A final decree to this effect with a consequent dismissal of the bill of complaint was entered April 27, 1938. The plaintiffs took no appeal from the decree but on June 28, 1938 the defendants filed a petition for appeal and an order allowing their appeal was made by the District Court the same day.

On August 19, 1938, a disclaimer of claim 2 was filed. The defendants, insisting that the plaintiffs unreasonably delayed or neglected to file their disclaimer contrary to the provisions of Sections 4917, 4922, R.S., 35 U.S.C.A. §§ 65, 71, moved to have the cause remanded to the District Court with directions to enter a decree holding the entire patent invalid. The plaintiffs have moved to dismiss the appeal.

■ The plaintiffs' motion to dismiss the appeal of the defendants is based on the ground that the appeal can raise no questions not already moot because of the fact that the defendants have already been granted in the dismissal of the bill all the relief to which they are entitled. The defendants' reply that as claim 1 was held valid they will be deprived in any subsequent litigation of their right to contest its validity since by this decree that will have become res adjudicata and so they are prejudiced by the decree. They have found

some support for their claim of right to appeal in Oliver-Sherwood Co. v. Patterson-Ballagh Corporation, 9 Cir., 95 F.2d 70, 71. Perhaps that decision may be somewhat distinguished on the facts but, however that may be, we cannot hold that under this decree the defendants are estopped from contesting again the validity of that claim. The reason is that the validity of claim 1 was in no sense necessary to support the decree dismissing the bill. Indeed, the dismissal of the bill followed notwithstanding the findings on which claim 1 was held valid. Thus it appears that the defendants have already received all the relief they can obtain in this action and they have no right to contend further that it should have been based in part upon the invalidity of claim 1 instead of upon the failure of the plaintiffs to prove infringement of that claim. New Orleans v. Emsheimer, 181 U.S. 153, 21 S.Ct. 584, 45 L.Ed. 794; P. E. Sharpless Co. v. William A. Lawrence & Son, 3 Cir., 208 F. 886.

■ In so far as the decree itself is thought to establish the validity of claim 1 and to foreclose the right of the defendants to contest the validity of that claim in any subsequent action on the patent there seems to have been a misconception of its possible scope. It merely established that there was no equity in the bill which entitled the plaintiffs to any relief whatever regardless of whether claim 1 was valid or not. That left the losing plaintiffs in no better position in respect to the patent than they were at the time they brought the suit and the successful defendants in no worse. A party may not appeal from a decree, which terminates in his favor the entire cause of action sued on, merely to obtain a review of findings which he believes erroneous but which are unnecessary to support the decree. Lindheimer v. Illinois Bell Co., 292 U.S. 151, 176, 54 S.Ct. 658, 78 L.Ed. 1182; New York Telephone Co. v. Maltbie, 291 U.S. 645, 54 S.Ct. 443, 78 L.Ed. 1041.

Since the appeal must be dismissed for the reasons stated, the motion of the defendants must be denied without consideration on the merits.

Motion to dismiss the appeal granted.