**KOEHNE v. HARVEY.**

No. 244.

Municipal Court of Appeals for the District of Columbia.

Dec. 27, 1944.

Rehearing Denied Jan. 9, 1945.

872

Ira Chase Koehne, of Washington, D. C., pro se.

Joseph T. Sherier, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

PER CURIAM.

Suit was instituted below in the Landlord and Tenant Branch for possession of a room in an office building. The landlord alleged that notice to quit had been served as required by law. The tenant filed a plea in abatement which was overruled, and the case went to hearing on the merits. The trial court found in favor of the landlord and thereafter the tenant filed a motion entitled, "Motion for a new trial, arrest of finding for possession, and/or dismissal." One of the grounds of this motion was that the original notice to quit, which had not been produced by the tenant at the trial, had since been found, and that it was defective in failing to give full thirty days' notice as required by law. This motion was partially heard and time allowed both parties in which to file authorities in support of their respective positions. Before final action on the last-named motion, the landlord filed a motion asking the court to dismiss the cause without prejudice. This motion, over objection of the tenant, was granted by the court "on sole ground of pre-maturity of suit." Thereafter the tenant filed a motion for reconsideration and entry of judgment of dismissal instead of dismissal without prejudice. This motion was denied and from its denial the tenant appealed.

The landlord has moved to dismiss the appeal on the ground that the case is not such as may be reviewed by this court.

Leaving aside the serious question of whether the order appealed from was an appealable order (Ray v. Bruce, D.C.Mun., App., 31 A.2d 693), as well as whether the action of the court was within its discretion and not subject to review except for abuse of discretion, we consider the more fundamental question of whether the tenant is a "party aggrieved" within the meaning of the act creating this court which limits the right of appeal to "any party aggrieved by any final order or judgment." Code 1940, § 11—772.

■ It is well established that "the successful party below has no standing to appeal," (Public Service Commission v. Brashear Freight Lines, Inc., 306 U.S. 204, 59 S.Ct. 480, 482, 83 L.Ed. 806), because he is in no position to complain that he is aggrieved by his own success. City of New Orleans v. Emsheimer, 181 U.S. 153, 21 S.Ct. 584, 45 L.Ed. 794.

■ The action below was for possession of the office occupied by the tenant. The tenant opposed the action but sought no affirmative relief. Dismissal of the suit, whether with or without prejudice, left the tenant in possession. He successfully maintained his position. The landlord is out of court and the occupancy of the tenant is undisturbed. We do not see any basis for holding that the tenant was aggrieved by the action of the court in permitting the case to be dismissed without prejudice. By his motion for new trial the tenant raised the question of the insufficiency of the notice to quit. Had the court granted the motion for new trial, the landlord, under the practice then existing in the trial court, would have been entitled to take a voluntary nonsuit. The same result was accomplished by the court ordering dismissal without prejudice prior to its ruling on the motion for new trial. The court did not sustain all the contentions raised by the tenant, but the proceeding ended with no relief being granted to the landlord and with no denial of any personal or property right of the tenant. "A successful litigant is not injured, and may not appeal, merely because a court has rejected or failed to adopt some of his contentions." In re Schwartz, 2 Cir., 89 F.2d 172, 173.

We conclude that appellant was not aggrieved by the action below and that the appeal should be dismissed.

Appeal dismissed.