## ADDRESSOGRAPH–MULTIGRAPH CORPORATION v. COOPER et al.

District Court, S. D. New York.

May 4, 1945.

Ward, Crosby & Neal, of New York City, Wallace & Cannon, of Chicago, Ill., Joshua Ward, of New York City, and George H. Wallace and Charles B. Cannon, both of Chicago, Ill., for plaintiff.

Judah B. Felshin, and Jacques Buitenkant, both of New York City, for defendants.

BONDY, District Judge.

This is an action for the infringement of Claims 7 and 8 of patent No. 1,967,221 granted July 24, 1934, in the names of William R. Allen and Emmett C. Hartley, of which the plaintiff is the owner.

The individual defendants deny validity and infringement of the patent. The corporate defendant concedes infringement if the claims are valid.

The individual defendants were parties to a consent decree entered in this court January 25, 1939, in a former action brought by this plaintiff against the individual defendants. It states that it is decreed that the patent is valid as to each of the claims thereof; that the plaintiff is possessed of all interests therein; that whereas defendants have represented that they have merely furnished to others printing plates employing the invention covered by the patent for use upon holding means as claimed in the patent but have not made or sold the printing plates and have no intention of doing so, plaintiff waived the issuance of an injunction against and an accounting by them, and that the defendants recover from the plaintiff, their costs to be taxed.

The plaintiff contends that because the individual defendants since the entry of the decree have used the defendant corporation as a guise in making and selling the accused device, the admission of the corporation in this action that it infringed the patent if valid and the provision of the consent decree that the patent is valid are binding upon all defendants, and that therefore none of the defendants may question the validity of the patent or its infringement.

The defendants contend that the consent decree is invalid, that the entry thereof was unauthorized, and that Claims 7 and 8 in suit are invalid.

Both individual defendants were incorporators, and are directors and officers of the defendant corporation. They subscribed for and own all but one share of stock of the corporation. The evidence does not disclose that anyone other than the individual defendants controlled or transacted any business of the corporation. The court finds that the individual defendants participated in the manufacture and sale of the plates which it was conceded by the corporation, over which the individual defendants have control, infringe plaintiff's patent if valid. Claude Neon Lights, Inc. v. American Neon Light Corporation, 2 Cir., 39 F.2d 548.

Claims 7 and 8 in suit read as follows:

"7 A comparatively long and narrow flexible metallic printing plate having at the ends thereof a series of spaced integral projections, each being rounded at its ends and the spaces between the projections being reversely rounded."

"8 A metallic printing plate having a series of ears on its ends integral with the plate and slots through the ears, the outermost portion of the slots being beyond the innermost portions of the spaces between the ears."

It accordingly appears that these two claims relate only to the plate itself and its shape or form. They do not relate to the plate in combination with any holding means. This is confirmed by the fact that all the other twenty claims relate to the plate in combination with holding means, and by the fact that the patent states: "the invention being concerned with the mutual formation of the printing plate and the means for attaching it to the drum" and therefore not with the plate itself.

The accused plate is a flexible metallic plate with holes at the ends thereof spaced to engage pins in the means for holding the plate, the ends of the plate being scalloped or formed so as to straddle lugs or raised projections on cylinders made and sold by plaintiff. It is exactly like plates made by the plaintiff for use on cylinders made by it.

Flexible metallic printing plates with holes so proportioned and spaced as to engage pins on the means for holding the plates have been in use long before plaintiff's patent issued.

Patent No. 1,651,924, dated December 6, 1927 to Lichtenstein, discloses a flexible metallic printing plate for use on a cylinder of a rotary printing machine with holes spaced to engage pins on holding means, and differing from the accused plate and the plate which plaintiff manufactures and which it claims is protected by the patent in that the ends of the plate are straight and not scalloped. Scalloping the ends of the plate so that it will not strike projections on a specific holding means and shaping and placing slots to engage pins in the holding means are a matter of form, and do not constitute invention. See Gillette Safety Razor Co. v. Standard Safety Razor Corporation, 2 Cir., 74 F.2d 691; Addressograph-Multigraph Corporation v. Staudt, 2 Cir., 124 F.2d 672. Neither the scalloped ends of plaintiff's plate nor of the defendants' plate contact the projections on its holding means. In fact the projections on the holding means of plaintiff's plate at times have been ground away so plates with straight ends could be used in connection with plain-

tiff's holding means. It is therefore apparent that there is no co-action between the holding means and the plates shaped to straddle the lugs on the holding means.

■ Claims 7 and 8 are therefore unpatentable elements of a combination.

The defendants contend that they are not estopped from questioning the validity of the patent because the consent decree was not authorized and because it is invalid even if authorized.

■ The individual defendants knew that their attorney, Max Singer, was not authorized to practice in this court and that he employed Nathan Schiff, who signed the consent decree, to appear for them in the former suit. The answer therein was interposed on behalf of both individual defendants. It expressly stated that they are answering the complaint by their attorney Nathan Schiff. At the end of the answer again appears the name "Nathan Schiff, Attorney for defendants", and his address followed by the verification by the defendant Eva Cooper, in whose employ her present husband, Milton Berg, then was. She was not called as a witness on the trial of this action to testify as to whether or not she and her husband knew that Schiff was representing them in the former action and whether or not they knew of the provisions of the decree. Milton Berg's statements as to when he first learned that the consent decree was signed by Nathan Schiff were so inconsistent that they cast a doubt as to his credibility and as to the truth of the statement that he authorized only the discontinuance or dismissal of the action upon payment of costs to the defendants but not the admission that the patent was valid. In any case, the plaintiff was justified in relying on the presumption that Schiff was the attorney for these defendants and authorized to sign and consent to the decree. In re Level Club, D.C., 46 F.2d 1002.

The consent decree states that the defendants represented that they have not made or sold but merely furnished to others plates covered by the patent for use upon holding means covered by the patent and have not any intention of making or using such plates and that for that reason the plaintiff waived the issuance of an injunction and an accounting. No evidence has been submitted disclosing that such representations were not true at the time when made.

There was not any trial or any adjudication on the merits as to the validity of the patent. Though it does not grant defendants any relief it provides for the payment of costs by the plaintiff. It does not provide for any injunction or accounting. It does not disclose that there has been any infringement of plaintiff's patent. On the contrary, the evidence discloses that the defendants rejected a proposed consent decree submitted by plaintiff to them because it contained an allegation that they infringed the patent. The consent decree thereafter submitted by the plaintiff to the defendants and signed by them does not contain any allegation of infringement.

The facts in this case are distinguishable from those cited in which there was not any consent decree and from those in which non-infringement was expressly found and from those in which a decree entered by consent was corrected so as to express the understanding of the parties thereto and from those in which continuing injunctions were modified to meet changed conditions.

■ A decree adjudging a patent to be valid in the absence of a finding of infringement if valid, will not be sustained. See Electrical Fittings Corporation v. Thomas & Betts Co., 307 U.S. 241, 59 S. Ct. 860, 83 L.Ed. 1263, reversing 2 Cir., 100 F.2d 403; Richard Irvin & Co. v. Westinghouse Air Brake Company, 2 Cir., 121 F.2d 429. In Nachman Spring-Filled Corporation v. Kay Mfg. Co., 2 Cir., 139 F.2d 781, 785, which, however, only involved the breach of an agreement to acknowledge the validity of a patent and not to infringe it but did not involve estoppel by consent decree, the court referring to Pope Mfg. Co. v. Gormully, 144 U. S. 224, 233, 12 S.Ct 632, 36 L.Ed. 414, said: "Stating that 'the real question is whether the defendant can estop himself from disputing patents which may be wholly void, or to which the plaintiff may have no shadow of title,' the court went on to hold that, on grounds of public policy, equity must refuse to give specific enforcement (by way of injunction) of such a contract because 'it is important to the public that competition should not be repressed by worthless patents.'"

■ The claims in suit are so manifestly void for lack of invention and by reason of anticipation that the court, though not without doubt, is of the opinion that it

should not grant any equitable relief based on the validity of the patent notwithstanding that a consent decree admitting the validity was signed by defendants, who, if they did not infringe, were not seriously interested in any adjudication of its validity.

█ If the defendants are to be estopped from contesting the validity of the patent, they would be prevented from making and selling an article which should be open to competition. The consent decree would be given the effect of an agreement not to make the plates, an agreement which according to the Nachman case, supra, is clearly illegal unless the claims in suit be valid. In the opinion of the court the claims are clearly invalid, and restraints on competition should not be permitted whether brought about by agreement, consent decree or estoppel. See Sola Electric Co. v. Jefferson Co., 317 U.S. 173, 63 S.Ct. 172, 87 L.Ed. 165.

The complaint accordingly is dismissed.