[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15586
_____

D.C. Docket No. 1:09-cv-00660-TWT

UNIQUE SPORTS PRODUCTS, INC.,

Plaintiff - Appellee,

versus

FERRARI IMPORTING COMPANY,
d.b.a. Gamma Sports,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 8, 2013)

Before TJOFLAT and COX, Circuit Judges, and MOLLOY, District Judge.[*]

PER CURIAM:

_____

[*] Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

This appeal requires us to consider whether a party may appeal on the merits from a decision in its favor, where a district court found against him as to one issue, nondispositive of the case. We find that, though he may not challenge the District Court's finding on the merits, he is entitled to vacatur of the portion of the District's Court's order adverse to him.

I.

Unique Sports Products, Inc., ("Unique") manufactures and markets sporting goods accessories. One of these is a product called Tourna Grip, the subject of this appeal. Tourna Grip is an "overgrip" product that is wrapped around the grip of a tennis racket and then taped into place to cushion and absorb moisture from a player's hand. Since 1977, Unique and its predecessor in interest[1] have manufactured Tourna Grip in a light blue color. Unique markets Tourna Grip as "the original blue grip"; "Blue Tape"; "the original light blue grip"; and "the light blue grip that does not slip." In 2001, Unique obtained a federally registered trademark for the light blue used for "grip tape for sports rackets." At the time it applied for that trademark, Tourna Grip accounted for fifty percent of the market in grip tape and had $40 million in cumulative sales.

---

[1] Unique acquired the Tourna Grip line in 1992.

2

Ferrari Importing Company ("Ferrari") also markets and sells grip tape for tennis rackets. Among the grip tapes it markets is a self-adhesive, roughly woven gauze tape in a teal blue color. Unlike Tourna Grip, Ferrari's gauze tape is not moisture-absorbent. It also does not provide the cushioning Tourna Grip provides.

Unique first sued Ferrari over a decade ago. On June 18, 1999, the two companies entered into a consent decree that enjoined Ferrari from using the phrase "Tour Wrap" in marketing its products; from marketing grips using "any overwrap grip material having any blue color lighter than the color designated as 293(c) in the Pantone Color Selector and [having] speckles and a chamois surface texture like" that of Tourna Wrap; and from engaging in other specified activities unrelated to this appeal. The decree further articulated that, should a court ever hold that Unique "has no enforceable rights in the Light Blue Color by a final judgment or decree from which no appeal can be taken," Ferrari would be free of its terms.

Ten years later, on March 10, 2009, Unique filed a complaint against Ferrari for trademark infringement and false designation of origin under §§ 32 and 43(a) of the Lanham Act, 15 U.S.C. § 1114 and 1125(a)(1)(A); for deceptive trade practices under Georgia's Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-372; and for violation of the June 18, 1999, final judgment. Ferrari filed its answer on April 21, 2010, and amended that answer on September 15, 2010. In its

3

answer, it denied Unique's infringement allegations and asserted as an affirmative defense that Unique's trademark registration was unenforceable. On January 24, 2011, the District Court granted Unique's motion for summary judgment on Ferrari's affirmative defense that Tourna Grip's blue color was merely functional and thus not an enforceable trademark, and granted Ferrari's motion for summary judgment on Unique's claim that Ferrari violated the 1999 final judgment.

On August 15 and 16, 2011, the District Court held a bench trial to determine, among other issues, whether Ferrari's gauze tape infringed Unique's federal trademark and whether Unique's trademark was unenforceable against Ferrari. At the conclusion of the trial, the court held that Unique's light blue trademark was valid and enforceable but that Ferrari's blue gauze had not infringed upon that trademark. The clerk thus entered judgment for Unique on Ferrari's affirmative defense but for Ferrari on Unique's original charge of infringement. Ferrari appealed that decision to this court.

At oral argument on October 3, 2012, we asked the parties to submit supplemental briefing on the question of whether we have jurisdiction to entertain an appeal on the merits by a party when the district court rules in favor of that party on a charge of trademark infringement but rules against that party on its affirmative defense that the trademark was not enforceable.

4

II.

"Congress has vested appellate jurisdiction in the courts of appeals for review of final decisions of the district court." Deposit Guar. Nat'l Bank v. Roper, 445 U.S. 326, 333, 100 S. Ct. 1166, 1171, 63 L. Ed. 2d 427 (1980) (citing 28 U.S.C. § 1291). While "[o]rdinarily, only a party aggrieved by a judgment or order of a district court may exercise the statutory right to appeal therefrom," the Supreme Court has explained that, because this rule "does not have its source in the jurisdictional limitations of Art. III," in "an appropriate case, appeal may be permitted from an adverse ruling collateral to the judgment on the merits at the behest of the party who has prevailed on the merits, so long as that party retains a stake in the appeal satisfying the requirements of Art. III." Id. at 333–34, 100 S. Ct. at 1171–72. The Court offered Electrical Fittings Corp. v. Thomas & Betts Co., 307 U.S. 241, 59 S. Ct. 860, 83 L. Ed. 1263 (1939), as an "illustration of this principle in practice." Deposit Guar. Nat'l Bank, 445 U.S. at 334; 100 S. Ct. at 1172.

In the case at hand, the parties agree that Electrical Fittings, the facts of which precisely mirror the facts of this case, is controlling. In Electrical Fittings, the plaintiff had alleged patent infringement. "[The district court] held claim 1 valid but not infringed and claim 2 invalid. Instead of dismissing the bill without more, it entered a decree adjudging claim 1 valid but dismissing the bill for failure

5

to prove infringement." Electrical Fittings, 307 U.S. at 241–42, 59 S. Ct. at 860. The defendant appealed the district court's decision, "mov[ing] to have the cause remanded to the District Court with directions to enter a decree holding the entire patent invalid." Thomas & Betts Co. v. Electrical Fittings Corp., 100 F.2d 403, 404 (2d Cir. 1938). The Second Circuit dismissed the appeal on the grounds that the defendant was not entitled to appeal a decree in its favor.

On appeal to the Supreme Court, the Court held that, although a "party may not appeal from a judgment or decree in his favor, for the purpose of obtaining a review of findings he deems erroneous which are not necessary to support the decree," Electrical Fittings, 307 U.S. at 241; 59 S. Ct. at 861, nonetheless, because the district court had "purport[ed] to adjudge the validity of claim 1," id. at 242; 59 S. Ct. at 860–61, the appealing defendant was "entitled to have this portion of the decree eliminated," id. at 242; 59 S. Ct. at 861. This is because, the Court later explained in Deposit Guaranty National Bank, although "[the district court] was correct in inquiring fully into the validity of the patent," it "was incorrect to adjudge the patent valid after ruling there had been no infringement" because "[b]y doing so, [it] had decided a hypothetical controversy." Deposit Guar. Nat'l Bank, 445 U.S. at 335 n.7; 100 S. Ct. at 1172 n.7. Thus "the Circuit Court of Appeals had jurisdiction . . . to entertain the appeal, not for the purpose of passing on the

6

merits, but to direct the reformation of the decree." Electrical Fittings, 307 U.S. at 242; 59 S. Ct. at 860–61.

Despite its agreement with Ferrari that Electrical Fittings is precisely on point, Unique argues that, because Ferrari did not ask us in its opening brief to vacate the District Court's judgment on trademark validity as unnecessary, we do not have jurisdiction to do so now. Essentially, then, Unique asks us to grant it leave to put forth a new argument in the wake of our request for supplemental briefing—that we do not have jurisdiction to entertain Ferrari's appeal—but to bar Ferrari from putting forth such an argument—that we have jurisdiction for a very limited purpose, "to direct the reformation of the decree."

It is true that we have frequently found that "[i]ssues that clearly are not designated in the initial brief ordinarily are considered abandoned." Hartsfield v. Lemacks, 50 F.3d 950, 953, (11th Cir. 1995) (alteration in original). However, on the facts of this case, the Supreme Court in Electrical Fittings clearly prescribes vacatur of the District Court's judgment on the question of validity as the legal consequence of an appeal by an otherwise-successful defendant in an infringement suit on the merits of that question.

For the forgoing reasons, the judgment of the District Court is

VACATED in part, AFFIRMED in part.

7