*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 23-CV-0912

DEBBIE BROMFIELD-THOMPSON, APPELLANT,

V.

BARBARA MCNALLY, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(2015-CA-000234-B)

(Hon. Shana Frost Matini, Trial Judge)

(Submitted March 18, 2025                    Decided April 24, 2025)

*Debbie-Ann Bromfield*, pro se.

*Colleen Robertson* was on the brief for appellee.

Before BLACKBURNE-RIGSBY, *Chief Judge*, and DEAHL and SHANKER, *Associate Judge*s:

DEAHL, *Associate Judge*:  Barbara McNally sued Debbie-Ann Bromfield (her preferred name, despite the case caption) and her husband Everald Thompson in the Superior Court for multiple claims arising out of a property dispute. After Thompson filed for bankruptcy, McNally and Thompson reached a settlement agreement, the terms of which stated that McNally would dismiss her pending

lawsuit. McNally then filed a motion for voluntary dismissal under Super. Ct. Civ. R. 41(a)(2), requesting that the trial court dismiss all of her claims—including those against Bromfield—with prejudice.

Bromfield opposed the motion, arguing that the trial court should instead grant her own pending motion for summary judgment so she could "clear her name with a decision on the merits." The trial court subsequently granted McNally's motion to dismiss and denied Bromfield's summary judgment motion as moot, reasoning, among other things, that Bromfield would experience no legal detriment from the dismissal. There was no detriment because the requested dismissal was with prejudice so that McNally could not revive her claims in a successive suit, and there were no "pending issues" like counterclaims or motions for sanctions that might warrant keeping the case open.

Bromfield now appeals, arguing that the trial court abused its discretion in granting McNally's motion for voluntary dismissal. *See In re Calomiris*, 3 A.3d 308, 312-13 (D.C. 2010) (Dismissals under Rule 41(a)(2) are "reviewed for an abuse of discretion."). She contends that the dismissal is not a "meaningful sanction" against McNally, causing her to suffer "legal prejudice."

We dismiss this appeal for lack of jurisdiction because Bromfield is not "aggrieved" by the dismissal with prejudice of the claims against her. While

McNally has not raised this point in her appellate brief, and instead seems to concede that this court has jurisdiction to entertain this appeal, that is not a concession we are at liberty to abide because we have an "independent obligation" to satisfy ourselves of our jurisdiction to entertain an appeal. *RFB Props. II, LLC v. Deutsche Bank Tr. Co. Ams.*, 247 A.3d 689, 694 n.3 (D.C. 2021).

Under section 11-721(b) of the D.C. Code, this court's jurisdiction to review Superior Court rulings is limited to entertaining appeals brought by "part[ies] aggrieved by an order or judgment" of that court. We have defined "aggrieved" in the statute to mean "suffering from an infringement or denial of legal rights." *In re C.T.*, 724 A.2d 590, 595 (D.C. 1999) (quoting Webster's Third New International Dictionary 41 (1976)). An appellant thus has "standing to appeal from an order of the Superior Court only if [their] legal rights have been infringed or denied by that order." *Id.* Bromfield is not aggrieved by the dismissal with prejudice of the claims against her because she has in fact prevailed in all relevant respects as to them. "It is well established that 'the successful party below has no standing to appeal.'" *Koehne v. Harvey*, 39 A.2d 871, 872 (D.C. 1944) (quoting *Pub. Serv. Comm'n v. Brashear Freight Lines*, 306 U.S. 204, 206 (1939)).

Bromfield counters that the trial court's dismissal with prejudice "does not get [her] the vindication she seeks," but that is not a cognizable legal injury. Our courts

are limited to resolving "concrete" disputes, and not in the business of satiating ethereal and "abstract" desires "to vindicate [a] right" with no attendant injury to the litigant. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 340-41 (2016); *Grayson v. AT&T Corp.*, 15 A.3d 219, 224 (D.C. 2011) (en banc) ("[A]ppellants must allege 'some threatened or actual injury resulting from putatively illegal action'" under Article III "in order for this court to assume jurisdiction." (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 (1973))); *see also id.* (explaining that this court is not strictly bound by Article III's requirements, but that it has nonetheless "followed consistently the constitutional standing requirement embodied in Article III"). Even when a court does "not sustain all the contentions raised" by a party, they may not appeal an otherwise favorable judgment that did not deny them any "right[s]" or provide any relief to the opposing party. *Koehne*, 39 A.2d at 872 (dismissing appeal under section 11-721's predecessor).

Bromfield further suggests she might at some point wish to bring a "malicious prosecution" suit against McNally, and that a favorable ruling on her summary judgment motion or a "trial victory" would be more helpful to her cause than the voluntary dismissal with prejudice. Maybe she is right about that as a matter of fact, but so far as the present dispute is concerned, the appealed-from dismissal order fully resolves the contest between the parties, and Bromfield's hope for some further assistance in a potential future suit is the stuff of judicial advisory opinions that are

broadly condemned.  *Bruce v. Potomac Elec. Power Co.*, 162 A.3d 177, 183 (D.C. 2017) ("[T]his court may not render in the abstract an advisory opinion."); *see also Stearns v. Wood*, 236 U.S. 75, 78 (1915) ("The province of courts is to decide real controversies, not to discuss abstract propositions.").

There are times where a defendant might be said to be aggrieved by an order dismissing the claims against them, the most obvious of which is when they have their own counterclaims or requests for sanctions that were resolved adversely to them.  *See, e.g.*, 15A Wright & Miller, Federal Practice & Procedure § 3902 (3d ed. 2024) ("[D]ismissal of a complaint with prejudice does not defeat a defendant's standing to appeal dismissal of a counterclaim without prejudice.").  Even then it is more accurate to say that they are aggrieved by the unfavorable resolution of their counterclaims or sanctions requests, rather than by the dismissal of the claims against them.  Another potential example is where the judgment contains an adverse and "essential" "finding of law or fact" that could "form the basis for [a] collateral estoppel" ruling in other litigation.  *Partmar Corp. v. Paramount Pictures Theatres Corp.*, 347 U.S. 89, 99 n.6 (1954); *see also Del. Dep't of Nat. Res. & Env't Control v. Food & Water Watch*, 246 A.3d 1134, 1138 (Del. 2021) (prevailing party is "aggrieved" and may appeal a judgment if it "includes a collateral adverse ruling that can serve as a basis for" res judicata or collateral estoppel); *Witham Fam. Ltd.*

*P'ship v. Town of Bar Harbor*, 30 A.3d 811, 815 (Me. 2011) (same); *Env't Prot. Info. Ctr., Inc. v. Pac. Lumber Co.*, 257 F.3d 1071, 1075-76 (9th Cir. 2001) (same).

But this case presents no such wrinkles.  Bromfield has secured an unmitigated victory in the underlying proceedings, and her desire for further judicial validation does not leave her aggrieved by the appealed-from order in the relevant sense.  The trial court's dismissal with prejudice of the claims against Bromfield has left her the unqualified victor in this dispute, notwithstanding her dissatisfaction.  We thus dismiss her appeal for lack of jurisdiction.

*So ordered.*